UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUSTRAL ASIA PTE LTD. | CIVIL ACTION |
| VERSUS | NO. 12-1600 |
| SE SHIPPING LINES PTE LTD. AND<br>SHANICA SHIPPING PTE LTD. | SECTION "N" (3) |

### **ORDER AND REASONS**

Presently before the Court is the Motion to Vacate Attachment filed by Defendant Shanica Shipping Pte. ("Shanica") (Rec. Doc. 8). The motion seeks vacatur of Plaintiff's June 22, 2012 attachment of the M/V SE PALAGICA. *See* Fed. R. Civ. P. Supp. Adm. Rules B and E(4)(f). It also prays for an award of monetary damages for Plaintiff's alleged wrongful seizure of the vessel, in addition to all attorney's fees and costs incurred in obtaining vacatur. As stated herein, **IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is granted relative to vacatur, but denied relative to Shanica's request for wrongful seizure damages, attorney's fees and costs.

To support maritime attachment of property pursuant to Supplemental Admiralty Rule B, a plaintiff, in addition to satisfying applicable filing, notice, and service requirements,[1] must show that: (1) the plaintiff has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the

---

[1] "The order of attachment may be requested and granted ex parte, though notice of the attachment to the defendant via appropriate service is required." *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43, 50 (2nd Cir. 2008), *cert. denied*, 555 U.S.1102 (2009)

district; and (4) there is no statutory or maritime law bar to the attachment. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2nd Cir. 2006)(*abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2nd Cir. 2009)). Supplemental Rule B provides for a quasi in rem proceeding. *Sembawang Shipyard, Ltd. v. Charger, Inc.,* 955 F.2d 983, 987 (5th Cir. 1992). The claim is against the named person, but, when that person cannot be found in the district, the plaintiff may proceed against the thing. *Id.*; *see also* Fed. R. Civ. P. Supp. Adm. Rule B(1).

Once a defendant's property has been attached, the defendant can move to vacate the attachment under Rule E(4)(f)." *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43, 51 (2nd Cir. 2008), *cert. denied*, 555 U.S.1102 (2009).[2] The attachment must be vacated if the plaintiff fails to sustain his burden of showing that the requirements of Rules B and E are satisfied. *Aqua Stoli Shipping Ltd.*, 460 F.3d at 445; *see* Fed. R. Civ. P. Supp. Adm. Rule E(4)(f) ("[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.").

For purposes of a Rule E(4)(f) post-arrest hearing, "[s]uperficial compliance with Rule B, while necessary, is not sufficient in determining whether maritime attachment is appropriate." *Williamson,* 542 F.3d at 52. Rather, "the attaching party must present sufficient evidence to show probable cause for the attachment." *Diesel Specialists v. M/V Mohawk Transp.,*

---

[2] "Rule E(4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to [the property owner] a prompt post-seizure hearing at which [the property owner] can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings." *Williamson,* 542 F.3d at 51 (quoting Fed. R. Civ. P., Adm. Supp. R. E(4)(f), Advisory Committee's Note to 1985 Amendment).

*LLC.*, Civil Action No. 09-2843, 2009 WL 1036085, *1 (E.D. La. 4/17/09)(Engelhardt, J.); *see also Naftomar Shipping and Trading Co. v. KMA Intern., S.A.,* Civil Action No. V-11-2, 2011 WL 888951, *3 (S.D. Tex. 3/3/11) (Rainey, J.)("plaintiff bears the burden to establish probable cause for the arrest")(quoting *A. Coker & Co., LTD. v. Nat'l Shipping Agency Corp., et al.*, Civil Action No. 99-1440, 1999 WL 311941, *1 (E.D. La.  5/17/99)(Vance, J.) (internal citations omitted)). Thus, a "district court may certainly vacate the [attachment] if it determines, after hearing from both parties, that the requirements of Rule B have not actually been met." *Williamson*, 542  F.3d at 52.

A Rule E(4)(f) hearing, however is not intended to definitively resolve the dispute between the parties; instead, the district court makes a preliminary determination of whether reasonable grounds exist for the arrest. *Naftomar Shipping and Trading Co.,* 2011 WL 888951, *3 (quoting *A. Coker & Co., LTD.,*, 1999 WL 311941, *1) (internal citations omitted)).  In other words, in Rule E(4)(f) hearings, courts do not make binding determinations of fact; they "'merely  hold[] that it is [or is not] likely' that alleged facts are true." *Naftomar Shipping and Trading Co.,* 2011 WL 888951, *3 (quoting *Wajilam Exports*, 475 F. Supp. 2d, 275, 280)(S.D.N.Y)(internal citations omitted).

In this matter, although Defendant Shanica is the record owner of the M/V SE PALAGICA, Plaintiff contends that Shanica is the alter ego of Defendant SE Shipping Lines Pte. Ltd. ("SESL") such that SESL is the "true beneficial owner " of the vessel.  Based on that assertion, Plaintiff contends that its June 22, 2012 attachment of the M/V SE PALAGICA should remain in place as security for the otherwise unrelated Singapore arbitration between Plaintiff and SESL regarding SESL's alleged breach of a time charter of Plaintiff's vessel, the M/V AAL SHANGHIA.

Having carefully considered the parties' written submissions and having heard oral argument by counsel on Friday, June 29, 2012, the Court finds that Shanica's motion for vacatur is properly granted for essentially the reasons stated in its original and reply memoranda (Rec. Docs. 11-1 and 16). As Shanica urges, the Court does not find that Plaintiff has borne its Rule E(4)(f) burden of putting forth sufficient evidence to demonstrate probable cause for its alter ego allegations relative to Shanica's purported undercapitalization, absence of arm's length contractual arrangements with SESL, or non-adherence to corporate formalities. Significantly, moreover, Plaintiff has not alleged that fraud or other misconduct chargeable to Shanica caused Plaintiff to be unaware of SESL's and Shanica's separate corporate ownership, governance, accounting, operations, liabilities, and/or assets when negotiating the terms of its time charter party with SESL. And, as this Court has previously emphasized, some overlap of ownership, officers, directors, and other personnel, is not unusual in this industry. Hence, without more, the Court finds such commonalities to be of little import. Accordingly, on the showing made, the Court finds that Plaintiff has not demonstrated that probable cause exists for its claims. Hence, the June 22, 2012 writ of attachment is hereby vacated.

On the other hand, although the Court finds that the attachment should be vacated, the Court is not convinced that Plaintiff's vessel seizure efforts were committed with "bad faith, malice, or "gross negligence." Accordingly, the Court declines to award the monetary damages, attorney's fees, or costs, that Shanica seeks.

New Orleans, Louisiana, this <u>2nd</u> day of <u>July</u> 2012.

_____
**KURT D. ENGELHARDT
United States District Judge**